UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-21979-CIV-ALTONAGA/Goodman

**MIKE ELBERT NEAL**,

    Plaintiff,
v.

**UNIT OFFICER DELMAN LUMPKINS**, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on Defendant, Chief Angela Lawrence's ("Lawrence['s]") Motion to Stay Proceedings Pending Resolution of State Criminal and Administrative Investigations [ECF No. 16],[1] filed on June 12, 2020 — within two weeks of service of the Complaint [ECF No. 1]. (*See* Return of Service [ECF No. 9]). The Court has considered the Motion; Plaintiff, Mike Elbert Neal's ("Neal['s]") Response [ECF No. 19]; Lawrence's Reply [ECF No. 20]; the record; and applicable law. For the following reasons, the Motion is granted.

This action arises out of Neal's alleged beating in April 2019 by Miami-Dade County Correctional Officer Delman Lumpkins; the failure of Defendant, Officer Frade, to intervene and stop the beating; and the failures of Lawrence and Defendant, Sergeant Terrance Hamilton, to prevent the beating. (*See generally* Compl.). The Miami-Dade County State Attorney's Office is currently investigating the incident; subsequent to this criminal inquiry, the Security and Internal

---

[1] Unit Officer Delman Lumpkins filed a separate Motion to Stay Proceedings [ECF No. 26], on June 20, 2020, requesting the same relief and adopting Lawrence's arguments.

Affairs Bureau of the Miami-Dade Corrections and Rehabilitation Department will finalize its related administrative action. (*See* Lawrence's Mot. 2; Reply 3). Because all parties will be unable to obtain the incident's investigative file until the investigations close (*see* Lawrence's Mot. 2–3), and Defendants will be unable to mount a proper defense without that evidence, Defendants seek a temporary stay pending the completion of the criminal and administrative investigations (*see id.* 18). Neal objects, insisting the indeterminate length of the criminal or administrative investigations will cause indefinite delay and unfair prejudice. (*See* Resp. 10).

District courts have broad discretion in deciding whether to stay proceedings, incidental to their powers to control and efficiently manage their dockets. *See, e.g.*, *Coquina Invs. v. Rothstein*, No. 10-60786-Civ, 2011 WL 2530945, at *1 (S.D. Fla. June 24, 2011) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)). "A court must stay a civil proceeding pending resolution of a related criminal prosecution only when 'special circumstances' so require in the 'interest of justice.'" *Pellegrino v. Wengert*, 147 F. Supp. 3d 1379, 1381 (S.D. Fla. 2015) (internal quotation marks omitted) (citation omitted) (quoting *United States v. Lot 5, Fox Grove, Alachua Cty., Fla.*, 23 F.3d 359, 364 (11th Cir. 1994)). In assessing whether a stay is appropriate, the Court must "weigh competing interests and maintain an even balance." *Winn-Dixie Stores, Inc. v. Big Lots Stores, Inc.*, No. 9:11-cv-80638, 2012 WL 1890547, at *1 (S.D. Fla. May 11, 2012) (internal quotation marks omitted) (quoting *Landis*, 299 U.S. at 255).

Weighing the parties' competing interests, the Court finds special circumstances tip the scales in favor of granting the stay. The incident central to this action is the subject of criminal and administrative investigations. Lawrence, who was not present at the incident, has an interest in the stay — her defense will presumably rely on eyewitness accounts and other evidence which are unavailable to her due to statutory restrictions on disclosing investigative materials and her co-

Defendants' likely invocation of their Fifth Amendment privilege against self-incrimination. (*See* Lawrence's Mot. 11–15). The other Defendants, facing similar claims arising from the same incident, have overlapping interests (to varying degrees) with Lawrence in staying this action.

Conversely, Neal does not present a countervailing interest in denying a stay. Neal argues he will be unfairly prejudiced by a stay because: (1)"[a]s time passes, it is more likely witnesses will forget crucial details of the events, disappear, relocate, or otherwise be unable to testify"; and (2) "any delay will also increase the risk of lost and/or destroyed evidence." (Resp. 10 (alteration added)). Yet, Neal undermines his own argument: "Plaintiff believes this case is uncomplicated and will require little to no discovery[,] [and] Plaintiff is ready to appear for deposition and proceed to trial as soon as the Court allows." (*Id.* 10 n.5 (alteration added)). Neal also emphasizes the simplicity of the case and importance of a video that shows the beating — a video Neal claims he already possesses. (*See id.* 2 & n.1, 7). Videos, unlike eyewitness testimony, are not susceptible to fading memory and are unaffected by a stay. Additionally, the investigations themselves will presumably preserve witness testimony and other evidence, further diminishing the specter of prejudice. (*See* Reply 4).

Neal also argues staying the case is premature because the possibility of evidence or testimony being unavailable is merely speculative — Defendants have not responded to the Complaint and discovery has not commenced. (*See* Resp. 8–9, 12). Yet, district courts have discretion to grant temporary pre-discovery stays when there are predictable (if uncertain) discovery obstacles preventing efficient case management. *See, e.g.*, *Landis*, 299 U.S. at 255 ("[I]t would be a 'scandal to the administration of justice' . . . if power to coordinate the business of the court efficiently and sensibly were lacking altogether." (alterations added; citation omitted));

*Prosper v. Martin*, 239 F. Supp. 3d 1347, 1349–50 (S.D. Fla. 2017) (staying case, pre-discovery, pending criminal investigation); *Young*, 217 F. Supp. 3d at 1356 (same).

The request for a stay comes prior to any responsive motions, answers, scheduling report, or discovery in the action. No discovery will be abandoned. No court deadlines will have to be postponed by the invariable motion to extend a scheduling order given the pendency of the investigations, the parties' inability to access discovery produced in those, and the invocation of investigative and Fifth Amendment privileges that will stall the orderly progress of this case. "Granting the stay now ensures the starting pistol is fired when appropriate, rather than stopping the case mid-race." *Young v. Miami-Dade Cty.*, 217 F. Supp. 3d 1353, 1356 (S.D. Fla. 2016). Otherwise, documents, testimony, and evidence unavailable during the pendency of the criminal and administrative investigations will impede discovery and cause delays, making it impossible to enter a meaningful scheduling order.

The Court is sympathetic to Neal's suggestion that the unknown status of the criminal investigation might effectively lead to an indefinite stay. (*See* Resp. 10). The prudent course, however, is to permit a *temporary* stay, requiring periodic updates on the status of the related investigations and anticipating the possibility of reinstating this action upon motion of a party should those investigations stall. This approach protects against unwarranted delay and vindicates the Court's desire to efficiently manage its cases. The parties, not to mention the Court, stand to benefit from proceeding when the parties can develop a fuller and more comprehensive case file.

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendant, Chief Angela Lawrence's Motion to Stay . . . **[ECF No. 16]** is **GRANTED**. Delman Lumpkin's Motion to Stay Proceedings **[ECF No. 26]** is

>   **DENIED** as moot. This action is **STAYED** pending completion of the related Miami-Dade County State Attorney's Office and the Security and Internal Affairs Bureau of the Miami-Dade Corrections and Rehabilitation Department investigations. The Clerk is directed to mark the case **CLOSED** for statistical purposes only.
>
> 2. The parties shall submit a joint status report **every sixty (60) days**, beginning **August 21, 2020**, advising the Court of the progress of the criminal and administrative investigations. This Order shall not prejudice the rights of the parties to this litigation.

**DONE AND ORDERED** in Miami, Florida, this 23rd day of June, 2020.

*[signature: Cecilia M. Altonaga]*

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record